IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

RICHARD MARVIN McFARLAND,   §
  §
    *Petitioner*,   §
  §
v.   §     CIVIL ACTION NO. H-14-3179
  §
WILLIAM STEPHENS,   §
  §
    *Respondent*.   §

## MEMORANDUM OPINION AND ORDER

State inmate Richard Marvin McFarland filed this *pro se* section 2254 habeas petition challenging the calculation and application of work time credits to his parole eligibility date. Respondent filed a motion for summary judgment (Docket Entry No. 9), and served petitioner a copy at his address of record. Despite expiration of a reasonable period of time in excess of 75 days, petitioner has failed to respond to the motion for summary judgment, and the motion is uncontested.

Based on consideration of the motion, the record, and the applicable law, the Court **GRANTS** respondent's motion for summary judgment and **DISMISSES** this lawsuit for the reasons that follow.

## I. BACKGROUND AND CLAIMS

In this petition, petitioner claims that the Texas Department of Criminal Justice ("TDCJ") unlawfully failed to add his accumulated work time credits to his actual time

served for purposes of calculating his parole eligibility date.   He argues that Texas Government Code § 508.145(d)(1) is unconstitutional as applied to him because the TDCJ requires him to work without receiving compensation.  Section 508.145(d)(1) provides that an inmate is not eligible for parole until his actual calendar time served, without consideration of good conduct time, equals at least one-half of his sentence.  Respondent contends that petitioner's claims are barred by 28 U.S.C. § 2244(b)(2) because the instant petition stands as an unauthorized successive federal habeas petition.  As noted above, petitioner has not contested respondent's argument.

## II.  ANALYSIS

In his motion for summary judgment, respondent reports that petitioner's first application for state habeas relief as to his work credit claims was filed on June 6, 2011, and that the Texas Court of Criminal Appeals denied relief for failure to exhaust on November 23, 2011.  Petitioner subsequently filed the prerequisite time dispute resolution proceeding ("TDR") with prison officials on January 6, 2012.  Prison officials noted on February 29, 2012, that the TDR did not contain any explanation of what petitioner was requesting, and that petitioner would not be eligible for parole under section 508.145(d)(1) until January 2023.

Respondent further directs the Court to petitioner's prior section 2254 federal habeas petition which raised these same or similar claims.  In *McFarland v. Thaler*, C.A. No. H-12-1242 (S.D. Tex.  2013), petitioner claimed that prison officials were not properly crediting

2

his work time credits.  Petitioner acknowledged that, under section 508.145(d)(1), an inmate was not eligible for parole until his actual calendar time served, without consideration of good conduct time, equaled at least one-half of his sentence.  He argued, however, that the statute did not state that work time credit was not to be considered.  This Court held that the state court had rejected petitioner's interpretation of the statute, and that the federal courts were bound by a state court's interpretation of state law.  The Court found that no cognizable federal habeas claim had been raised, and dismissed the petition.  Petitioner did not appeal the dismissal.

Respondent correctly argues that petitioner's instant petition is an unauthorized successive petition in that it raises claims that were denied in an earlier federal proceeding or that could have been raised in an earlier federal proceeding.  Under 28 U.S.C. § 2244(b)(2), a petitioner must request permission before he presents a second or successive petition for federal habeas relief.  Pursuant to that provision, a successive petition is a petition that "1) raises a claim challenging the petitioner's conviction or sentence that was or could have been raised in an earlier petition; or 2) otherwise constitutes an abuse of the writ."  *Crone v. Cockrell*, 324 F.3d 833, 836–37 (5th Cir. 2003).  Petitioner's pending claims and arguments were either raised, or could have been raised, in his first petition for federal habeas relief, and the instant petition is successive.  Because public court records for the Fifth Circuit Court of Appeals do not show that petitioner requested and obtained permission to pursue this petition, it constitutes an unauthorized successive petition that must be

3

dismissed for want of jurisdiction. *See In re Tony Epps*, 127 F.3d 364, 364–65 (5th Cir. 1997).

### III.  CONCLUSION

Respondent's motion for summary judgment (Docket Entry No. 9) is **GRANTED**. This petition is **DISMISSED WITHOUT PREJUDICE FOR WANT OF JURISDICTION** as an unauthorized successive habeas petition.  Any and all pending motions are **DENIED AS MOOT**.  A certificate of appealability is **DENIED**.

Signed at Houston, Texas, on this the _____ day of June, 2015.

KEITH P. ELLISON
UNITED STATES DISTRICT JUDGE

4